IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:10-HC-2246-D

| | | |
|---|---|---|
| NATHANIEL BARRON, Petitioner | ) | |
| v. | ) | **ORDER** |
| JOYCE KORNEGAY, Respondent. | ) | |

On November 12, 2010, Nathaniel Barron ("Barron" or "petitioner"), a state inmate proceeding pro se, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 [D.E. 1]. On August 22, 2011, the court reviewed Barron's petition and directed that Barron amend the petition to name the proper party respondent [D.E. 3]. On August 29, 2011, Barron amended the petition to name his custodian, Joyce Kornegay ("Kornegay" or "respondent") as respondent [D.E. 4]. On August 31, 2011, the court allowed the action to proceed [D.E. 5]. On November 30, 2011, Kornegay filed an answer [D.E. 11] and filed a motion for summary judgment [D.E. 12]. Pursuant to Roseboro v. Garrison, 528 F.2d 309, 310 (4th Cir. 1975) (per curiam), the court notified Barron about the motion for summary judgment, the consequences of failing to respond, and the response deadline [D.E. 14]. On December 20, 2011, Barron responded in opposition to the motion for summary judgment [D.E. 15]. As explained, the court grants Kornegay's motion for summary judgment.

I.

On May 12, 2008, a state grand jury indicted Barron for, inter alia, possession of cocaine and marijuana and identity theft. State v. Barron, 202 N.C. App. 686, 687, 690 S.E.2d 22, 24 (2010).

The charges stemmed from events that occurred on January 3, 2008. Id., 690 S.E.2d at 687. On that day, officers of the Fayetteville, North Carolina police department found drugs and drug paraphernalia inside a home that Barron had been occupying. Id. at 688–89, 690 S.E.2d at 25–26. The officers arrested Barron and the home's other occupants. Id. at 698, 690 S.E.2d at 25. When an officer attempted to book Barron, Barron provided a false name and date of birth. Id., 690 S.E.2d at 25–26. Barron's statement caused the officer to, with Barron's approval, record an incorrect social security number on the booking document. Id., 690 S.E.2d at 26. On February 19, 2009, a jury convicted Barron on the drug possession and identity theft charges. Id. at 687, 690 S.E.2d at 24. Subsequently, the Court of Appeals of North Carolina determined that the evidence at trial had been insufficient to support the drug convictions. Id. at 690–92, 690 S.E.2d at 26–27. However, the court of appeals determined that the evidence had been sufficient to convict Barron of identity theft. Id. at 692–94, 690 S.E.2d at 27–29. After vacating Barron's drug convictions, the appellate court remanded Barron's case to the trial court for resentencing. Id. at 696 n.5, 690 S.E.2d at 30 n.5. On August 26, 2010, the Supreme Court of North Carolina declined Barron's petition for discretionary review. State v. Barron, 364 N.C. 327, 700 S.E.2d 926 (2010).

Barron makes two claims, both of which relate to his identity theft conviction: (1) that his identity theft conviction violated his federal due process rights because it required a novel and unreasonable construction of a state statute, Pet. [D.E. 1] 5; and (2) that his identity theft conviction violated his federal due process rights because there was insufficient evidence at trial to satisfy the elements of the offense. Id. 6–7.[1] Barron raised these claims on direct appeal. Id. 5, 7. The Court

---

[1] To the extent that Barron now tries to assert additional claims, see Pet.'s Mem. Opp'n Mot. Summ. J. [D.E. 15] 1 ("[E]vidence was made available two days before scheduled trial date, 10 months after I was initially charged[.]"), Barron did not raise such claims on direct appeal, and indicates that he has not presented them in a state post-conviction motion for appropriate relief. Pet.

of Appeals of North Carolina considered and rejected Barron's arguments. Barron, 202 N.C. App. at 692–94, 690 S.E.2d at 27–29.

II.

Summary judgment is appropriate when, after reviewing the record taken as a whole, no genuine issue of material fact exists, and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a); Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247–48 (1986). The party seeking summary judgment bears the initial burden of demonstrating the absence of a genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 325 (1986). Once the moving party has met its burden, the nonmoving party may not rest on the allegations or denials in its pleading, Anderson, 477 U.S. at 248–49, but "must come forward with specific facts showing that there is a genuine issue for trial." Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986) (emphasis removed) (quotation omitted). A trial court reviewing a motion for summary judgment should determine whether a genuine issue of material fact exists for trial. Anderson, 477 U.S. at 249. In making this determination, the court must view the evidence and the inferences drawn therefrom in the light most favorable to the nonmoving party. Scott v. Harris, 550 U.S. 372, 378 (2007).

---

3. Therefore, the court cannot consider them now. Section 2254 requires state prisoners to "give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." O'Sullivan v. Boerckel, 526 U.S. 838, 845 (1999). This "one full opportunity" requires state prisoners to file petitions for discretionary review when such review is part of a state's ordinary appellate procedure. Id. In North Carolina, a petitioner may satisfy section 2254's exhaustion requirement by directly appealing his conviction to the Court of Appeals of North Carolina and then petitioning the Supreme Court of North Carolina for discretionary review, or by filing a motion for appropriate relief and petitioning the North Carolina Court of Appeals for a writ of certiorari. See N. C. Gen. Stat. §§ 7A-31, 15A-1422. Because Barron could not now assert these claims in state court, see N.C. Gen. Stat. § 15A–1419(a)(3), he may not do so here.

A federal court cannot grant habeas relief in cases where a state court considered a claim on its merits unless: (1) the state-court decision "was contrary to, or involved an unreasonable application of, clearly established Federal law as determined by the Supreme Court of the United States;" or (2) the state-court decision "was based on an unreasonable determination of the facts in light of the evidence presented in the [s]tate-[c]ourt proceeding." 28 U.S.C. § 2254(d); see Lafler v. Cooper, 132 S. Ct. 1376, 1389 (2012). "[A] state-court decision is contrary to [Supreme Court] precedent if the state court arrives at a conclusion opposite to that reached by [the] Court on a question of law[]" or "confronts facts that are materially indistinguishable from a relevant Supreme Court precedent and arrives at a result opposite to [the Court's]." Williams v. Taylor, 529 U.S. 362, 405 (2000). "[A] state-court decision involves an unreasonable application of [the] Court's precedent if the state court identifies the correct governing legal rule from [the] Court's cases but unreasonably applies it to the facts of the particular state prisoner's case[]" of "if the state court either unreasonably extends a legal principle from [the Court's] precedent to a new context where it should not apply or unreasonably refuses to extend that principle to a new context where it should apply." Id. at 407; see Hardy v. Cross, 132 S. Ct. 490, 491, 494 (2011) (per curiam); Bobby v. Dixon, 132 S. Ct. 26, 29–31 (2011) (per curiam); Cavazos v. Smith, 132 S. Ct. 2, 4–8 (2011) (per curiam); Renico v. Lett, 130 S. Ct. 1855, 1862 (2010).

> [Section 2254(d)] does not require that a state court cite to federal law in order for a federal court to determine whether the state[-]court decision is an objectively reasonable one, nor does it require a federal habeas court to offer an independent opinion as to whether it believes, based upon its own reading of the controlling Supreme Court precedents, that the [petitioner's] constitutional rights were violated during the state court proceedings.

Bell v. Jarvis, 236 F.3d 149, 160 (4th Cir. 2000) (en banc). Moreover, the court presumes that a state court's factual determination is correct, unless clear and convincing evidence rebuts the

determination. See 28 U.S.C. § 2254(e)(1); Sharpe v. Bell, 593 F.3d 372, 378 (4th Cir. 2010).

Congress intended the AEDPA standard to be difficult to meet. Harrington v. Richter, 131 S. Ct. 770, 786 (2011). "Section 2254(d) is part of the basic structure of federal habeas jurisdiction, designed to confirm that state courts are the principal forum for asserting constitutional challenges to state convictions." Id. at 787. To prevail in section 2254(d) action, a petitioner must show that "there was no reasonable basis for the state court to deny relief." Id. at 784; DeCastro v. Branker, 642 F.3d 442, 449 (4th Cir. 2011), cert. denied, 132 S. Ct. 818 (2011).

The Court of Appeals of North Carolina considered and rejected Barron's arguments regarding his identity theft conviction. The court stated:

> Defendant contends there was insufficient evidence that he used "identifying information" of another person. We disagree.
>
> A person is guilty of identity theft when that person
>
> > knowingly obtains, possesses, or uses identifying information of another person, living or dead, with the intent to fraudulently represent that the person is the other person . . . for the purpose of avoiding legal consequences . . . .
>
> N.C. Gen. Stat. § 14–113.20(a) (2007). Identifying information for the purposes of this statute includes "[s]ocial security or employer taxpayer identification numbers[,]" N.C. Gen. Stat. § 14–113.20(b)(1), and "[a]ny other numbers or information that can be used to access a person's financial resources." N.C. Gen. Stat. § 14–113.22(b)(10) (2007).
>
> In the present case, Armstead testified as follows:
>
> [State:] Tell the jury where the Social Security number [on Defendant's arrest sheet] came from. How did you fill—how did you come to fill out [xxx–xx]–2301 on the arrest report that night?
> [Armstead:] I asked the [D]efendant if he happened to know his Social Security number and he said no. Due to the fact that we have no I.D. on [Defendant], I asked county booking if they could print off the last arrest sheet or a sheet that would have some biographical information on it. While we were filling this out, I was looking from the information [Defendant] was giving me to the sheet to compare. When I got to the Social Security block [of the arrest sheet] and he said he did not know his Social Security number, which is not uncommon, I asked them—I gave him the last

> four of the Social that was on that sheet. I asked him, "Is your last four 2301?" And he said, "Yes." So I filled in the rest of the block.
> [State:] The sheet that you had that you were using that you asked the jail to give you, whose information did you give the jail to give the sheet back?
> [Armstead:] Gave the name [Defendant] gave me and date of birth.
> [State:] What was that name and date of birth?
> [Armstead:] Charles Lee Barron, August 2, 1981.
> [State:] And that was—is that the sheet the jail gave you to look at?
> [Armstead:] Yes. It was the last arrest sheet they had taken.
> [State:] So when you said 2301, what was the [D]efendant's response?
> [Armstead:] He said yes.
>
> Defendant does not deny using his brother's name and birth date to identify himself to police. Defendant argues, however, that "agreeing with the police officer's recitation of the last four digits of that other person's social security number . . . is [not] 'use [of] identifying information' within N.C.G.S. § 14–113.20."
>
> We decidedly disagree with Defendant's contention. We conclude that Defendant's active acknowledgment to Armstead that the last four digits of his social security number were "2301" was a "use [of] identifying information" of another person within the meaning of N.C. Gen. Stat. § 14–113.20(a).
>
> Defendant also argues that a name or a birth date do not constitute "identifying information" within the meaning of the statute. However, having already determined that Defendant violated the statute by the use of his brother's social security number, we need not address this contention to overrule Defendant's argument that the trial court erred in denying his motion to dismiss the charge of identity theft. Defendant's identity theft argument is without merit.

Barron, 202 N.C. App. at 692–694, 690 S.E.2d at 27–28 (alterations in original).

Generally, the standard of review for a claim of insufficient evidence in a criminal case is "whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could find the essential elements of the crime beyond a reasonable doubt." Jackson v. Virginia, 443 U.S. 307, 319 (1979), superseded by statute, 28 U.S.C. § 2254(d); see Wright v. West, 505 U.S. 277, 296–97 (1992). However, the AEDPA requires the court to ask "whether a state[-]court determination that the evidence was sufficient to support a conviction was an 'objectively reasonable' application of [the standard enunciated in] Jackson." Williams v. Ozmint, 494 F.3d 478,

489 (4th Cir. 2007) (second alteration in original) (quotation omitted).

Barron has not shown that the Court of Appeals of North Carolina reached a result in his case that is contrary to or reflects an unreasonable application of clearly established federal law. Barron argues that his identity theft conviction violated his federal due process rights because it was based on evidence that shows only that Barron agreed with the officer's recitation of a portion of an incorrect social security number. Pet. 5. Barron argues that because he did not affirmatively "use[] identifying information of another person," see N.C. Gen. Stat. § 14-114.20(a), there was insufficient evidence to support his conviction. Pet. 5. The court of appeals considered this argument and rejected it. See Barron, 202 N.C. App. at 693–94, 690 S.E.2d at 28. The state appellate court determined that Barron's conduct violated the state identity theft statute. Id. at 694, 690 S.E.2d at 28. In habeas actions, this court "must allow states to construe their statutes as they see fit, without interference." Scott v. Angelone, No. 96-6458, 1996 WL 671638, at *2 (4th Cir. Nov. 21, 1996) (per curiam) (unpublished). Thus, the court accepts the state court's reasonable construction of the state statute and rejects Barron's argument.

Barron also argues that even if he "used" a false social security number, he did not do so "knowingly." Pet.'s Mem. Opp'n Mot. Summ. J. 1–2. Barron alleges that he was not aware that the identifying information was not his own. Id. Barron's argument fails. Barron gave the officer a false name and false date of birth. See Barron, 202 N.C. App. at 693–94, 690 S.E.2d at 28. A rational trier of fact could have found that Barron knew that the identifying information attached to this name and date of birth was not Barron's. Accordingly, the state court's affirming of Barron's conviction was not objectively unreasonable and Barron's petition fails. See 28 U.S.C. § 2254 (d)–(e).

III.

In sum, the court GRANTS Kornegay's motion for summary judgment [D.E. 12], and DISMISSES Barron's application for a writ of habeas corpus [D.E. 1]. The court also DENIES a certificate of appealability. See 28 U.S.C. § 2253(c). The clerk shall close this case.

SO ORDERED. This 18 day of April 2012.

JAMES C. DEVER III
Chief United States District Judge